[Crim. No. 3259. Second Appellate District, Division One.—November 15, 1939.]

THE PEOPLE, Respondent, v. VAN COURTLAND HARRIS, Appellant.

Thomas P. Cruce for Appellant.

Earl Warren, Attorney-General, and John L. Nourse, Deputy Attorney-General, for Respondent.

DORAN, J.—Appellant was found guilty by a jury of grand theft, and appeals from the judgment and from the order denying a motion for a new trial. The subject-matter of the theft was an oriental rug which had been purchased in 1930 for the sum of $1450, by J. T. Dye. The evidence reveals that Mr. Dye, after having made several attempts to sell the rug, delivered it to appellant for display only, on November 23, 1938. On December 12, 1938, the defendant and appellant delivered it to one Ralph Edington, an attorney, to secure the payment of a prior indebtedness and further advances. Defendant signed a note for $573.61 to cover the indebtedness and advances, and executed a formal pledge agreement, pledging the rug as security for the debt.

Appellant had promised to see Mr. Dye on the day following the delivery of the rug to him, the defendant. However, several months had elapsed before defendant was located,— numerous attempts to communicate with him having failed,— at which time the defendant assured Mr. Dye that efforts were being made to find a purchaser. Defendant concealed from Mr. Dye the fact that the rug had been pledged to Edington.

At the time of defendant's arrest he denied all knowledge of the rug or of its whereabouts, but later admitted that it was at Mr. Edington's office; whereas, at the trial, defendant contended that he owned the rug, which he declared had been in his possession since 1929. He denied that Mr. Dye had ever been the owner thereof.

Mr. Dye's testimony, however, was abundantly corroborated in all of its important details; indeed, it is not contended by appellant that the evidence is insufficient to sustain the conviction.

■ Appellant's sole contention on appeal, in substance, is that the court erred in failing to instruct the jury that under the provisions of section 511 of the Penal Code, it was a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable.

The contention is without merit. There was no evidence in the record that the defendant had "appropriated" the property openly and avowedly. To the contrary, it was defendant's position at the trial that he had always owned the property. There was no evidence of appropriation on any theory; hence the instruction was properly refused.

The judgment and the order denying the motion for a new trial are, and each of them is, affirmed.

York, P. J., and White, J., concurred.